IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| CLINTON D. McDONALD, | § | CV No. _____ |
|     Petitioner/Movant, | § | CASE NO. 6:18-CR-03084-MDH-1 |
| v. | § | |
| UNITED STATES OF AMERICA, | § | Honorable Judge Harpool |
|     Respondent. | § | PRESIDING |

MEMORANDUM WITH POINTS AND AUTHORITIES
IN SUPPORT OF ATTACHED § 2255 PETITION

COMES NOW, Petitioner/Movant, Clinton D. McDonald,
acting in pro per (pro se), respectfully submits this Memorandum With
Points and Authorities in Support of ATTACHED § 2255 Petition, pursuant
to all Federal Rules, Regulations and Procedures in conjunction with
28 U.S.C. § 2255.

    Petitioner further prays that this Court construe this plea-
ding liberally in light of Haines v. Kerner, 404 U.S. 519, 520-21, 92
S.Ct. 594, 30 L.Ed.2d 652 (1972), holding that, "pro se litigants are to
be held to a lesser standard of review than lawyers who are formerly
trained in the law, and are entitled to a liberal construction of their
pleadings."

## FACTS

    1) Petitioner is currently incarcerated at the FCC-Yazoo City
Medium Facility in Yazoo City, Mississippi.

    2) Petitioner was sentenced to a 176 month term of imprison-
ment after being convicted of Count I: Distribution of a Mixture

or Substance Containing a Detectable Amount of
Morphine and Codeine, in violation of 21 U.S.C.
§841(a)(1) and 21 U.S.C. § 841(b)(1)(c); Count II:
Possession With Intent to Distribute A Mixture or
Substance Containing a Detectable Amount of Morphine
and Codeine, in violation of 21 U.S.C. § 841(a)(1)
and 21 U.S.C. § 841(b)(1)(c); and Count III: Felon
in Possession of A Firearm, in violation of 18 U.S.C.
§ 922(g)(1) and § 924(a)(2). [1]

    3) Count III of 120-month term of
imprisonment, was ran concurrent with Counts
I & II of 176-month term of imprisonment.

    4) Petitioner's Plea Agreement was based
on his Plea of guilty to the Indictment
(Counts I & II 0-20 years and Count I 0-10
years). [2]

    5) Petitioner's Plea Agreement held him
responsible for 11.87 grams of a mixture of heroin. [3]
A Base Offense Level of 14. [4]

    6) Petitioner filed a Notice of Appeal and
was Affirmed by the Eighth Circuit Court of
Appeals on July 20, 2020.

[1] See Doc. 38 J & C Pages 1 & 2
[2] See Plea Agreement Pages 1 & 2
[3] id. Page 2
[4] 10 grams or less ...2018

7) On appeal, Counsel of Record raised issues in regards to the Court Abusing its Discretion as Properly Weighing all Relevant Factors, when in fact, there were unconstitutional issues as opposed to the Court's abuse of its discretion. **5**

8) Further, at Sentencing, the question was raised as to the Preponderance of Evidence Standard versus the Reasonable Doubt standard. Counsel of Record failed to object or raise any case law when asked. **6** Counsel was unaware of any case law at that time. **7**

THEREFORE, based on the foregoing, Petitioner Contends the following: **＊**

＊ **NOTE:** THE FCC-YAZOO CITY MEDIUM FACILITY STILL REMAINS ON A LOCKED-DOWN/QUARANTINED STATUS SINCE MARCH 20, 2020 (OVER 15 MONTHS). THEREFORE, THIS MOTION IS LEGIBLY HAND-WRITTEN DUE TO LIMITED ACCESS TO ANY LAW LIBRARY.

5 See Direct Appeal Brief p. 2

6 See Sent. Tr. p. 48 L. 7-22

7 See Sent. Tr. p. 48 L. 26 p. 49

## I. INEFFECTIVE ASSISTANCE OF COUNSEL

The U.S. Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984), set forth the bar for ineffective assistance of counsel claims when it held that the Sixth Amendment Right to Counsel is the right to effective assistance of counsel, and the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functining of the adversarial process that the proceedings cannot be relied on as having produced a just result. A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or setting aside a sentence, requires that the defendant must show first, that counsel's performance was deficient and second, that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. The proper standard for judging attorney's performance, is that of reasonably effective assistance, considering all the circumstances. When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness.

Judicial scrutiny of counsel's performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's conduct, and to evaluate the conduct from counsel's perspective at the time. A court must indulge a strong presumption taht counsel's conduct falls within the wide range of reasonable professional assistance.

With regard to the required showing of prejudice, the proper standard requires the defendant to show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

At sentencing, Counsel of Record was unsure what case law was available under the reasonable doubt standard and the preponderance of the evidence standard. See Sent. Tr. p. 48 L.25 / p. 49 L.1-5. Although Counsel made numerous objections, the most specific objection pertained to the four (4) level enhancement under U.S.S.G. §2k2.1(d)(c)(B). McDonald pled guilty without any Plea Agreement to the Indictment. The Indictment that McDonald pled guilty to was three (3) Counts: Distributing Morphine and Codine, in violation of 21 U.S.C. §841(a)(i) and 21 U.S.C. §841(b)(1)(c) (0 to 20 years); Possession of Heroin with Intent to Distribute, in violation of 21 U.S.C. §841(a)(1) and 21 U.S.C. §841(b)(1)(c) (0 to 20 years); and Felon in Possession of A Firearm, in violation of 18 U.S.C. §922(g)(1) and 18 U.S.C. §924(a)(2) (0 to 10 years).

On two different unrelated occasions, July 10, 2018 and August 8, 2018 McDonald was arrested. The first arrest was for Possession of 11.87 grams of a mixture or substance containing heroin, a Schedule I Controlled substance, a distributive amount. An amount that McDonald pled guilty to that carried 0 to 20 years, a Base Offense Level per U.S.S.G. of 14 or 37 to 46 month term of imprisonment.

Even with a four level enhancement for a possession of a firearm in connection with another felony offense would put McDonald at a Guideline Base Offense Level of 18, or 57 to 71 months.

A. _Alleyne V. U.S., 133 S.Ct. 2151 (2013)_

Counsels ineffectiveness allowed the Court to use fact finding preponderance of evidence standard that enhanced McDonald's plea of Guilty to the Indictment as to Counts I and II from 37 to 46 month term of imprisonment to a 151 to 188 month term of imprisonment, or 176 months. Not only was this heavily prejudicial on McDonald, but violated his Sixth Amendment Right to due process.

A fundamental promise of our constitution is that it is not what one "really" does that can be punished, but only that conduct which is proven at trial. The mandate of the U.S. Constitution is simple and direct: "If the law identifies a fact that warrants deprivation of a defendant's liberty or an increase in that deprivation, such fact must be proven to a jury beyond a reasonable doubt." See U.S. Const. Art. III, section 2, clause 3. The rule has three (3) essential components: (1) every fact necessary to punishment. (2) proved to a jury, and (3) beyond a reasonable

doubt.

In Alleyne v. U.S., 133 S.Ct. 2151 (2013) the Supreme Court changed the preponderance of the evidence standard by announcing a new constitutional rule by redefining what a "crime" is in the content of the Sixth Amendment. Acknowledging that the historic "relationship between crime and punishment" compels that any fact which by law increases the range of punishment to which a criminal defendant is exposed "[IS AN ELEMENT OF A NEW OFFENSE, A DISTINCT AND AGGRAVATED CRIME.]" Id.

Although McDonald pled guilty, his plea was to the Indictment as to Counts I and II or 11.87 Grams of Heroin, a Base Offense Level of 14, 37 to 46 months. Counsel's ineffectiveness was his failure to object to McDonald's §4B1.1 Career Offender enhancement. McDonald's prior convictions for possession of Marijuana did not qualify as predicates to be enhanced under §4B1.1 Career Offender Statute. Section 4B1.2 of the Guidelines defines a Controlled substance offense as:

"an offense under federal or state law, punishable by imprisonment for a term exceeding one-year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession

of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense."[8]

Counsel's failure to object to McDonald's Career offender enhancement, resulted in a U.S.S.G. BOL of 32 as opposed to 14. See Descamps v. U.S., 133 S.Ct. 2276, 2281 (2013) (where the Court in McDonald's case failed to consider McDonald's prior Marijuana Possession convictions as to whether or not they come within the Guidelines' definition of a "Controlled substance conviction."); Mathis v. U.S., 136 S.Ct. 2243 (2016). This heavily prejudiced McDonald because his sentencing range went from 37 to 46 months (BOL 14) to 210 to 262 months (BOL 32). Without any objection to McDonald's Career Offender Enhancement and whether or not his prior Possession convictions qualified as predicates, disallowed McDonald any opportunity to raise the issue on Direct Appeal.

Counsel's deficient performance limited Counsel to raise abuse of discretion claims pertaining to unreasonableness on McDonald's Direct Appeal.[9] This prejudicial performance

_____

8  U.S.S.G. 3 HB1.2 (b)
9  See Direct Appeal Brief

rendered McDonald's sentencing "fundamentally unfair or unreliable,"[10] but had Counsel objected to the Career Offender enhancement BOL 32, the result of the proceedings would have been different.[11] *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Further, because Counsel allowed the Court to use fact finding preponderance of evidence court findings, based on Counsels ineffectiveness, resulted in McDonald's sentence to be based upon what the Court believed "McDonald really did" as opposed to the crime of which he had pled guilty to. This is nothing less than offensive, let alone unconstitutional. McDonald's punishment for acts were not constitutionally proven. See *Alleyne*, 133 S.Ct. 2151 (2013). (See Sentencing Tr. p. 48 L. 7 to 25 / p. 49 L.1 to 5)(McDonald's § 922(g) Count III carried a maximum of ten-years - the Court had to build its case on enhancements to justify the Base Offense Level 32 before allowing a 3-level reduction for McDonald's Acceptance of Responsibility).

[10] *Lockhart v. Fretwell*, 506 U.S. 364, 369, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993) —

[11] *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694) —

## B. First Step Act —

Under the First Step Act, McDonald's Prior Possession of Marijuana State Convictions are not "serious drug felonies." Pub.L. 115-391, Title IV Section 401(a)(2018). Although Counsel of Record addressed the First Step Act at McDonald's Sentencing Hearing [12] Counselor's ineffectiveness to object to McDonald's Career Offender enhancement, included Counsel's lack of Knowledge or properly investigate into potential mitigating evidence. Porter V. McColum, 130 S.Ct. 447, 453, 175 L.Ed.2d 398 (2009)(per curiam); Harries V. Bell, 417 F.3d 631, 638 (6th Cir. 2005); Strickland, 466 U.S. at 691. Counsel's lack of thorough investigation into potential mitigating factors consisting of McDonald's Prior State Marijuana Possession convictions, heavily prejudiced McDonald that resulted in a BOL of 32 [13] (29 after A of R) as opposed to 14 Base offense level.

Therefore, this Court Should Vacate Judgment/Sentence and Remand for Resentencing or in the alternative Remand for an Evidentiary Hearing based on the merits raised; all in the

---

[12] See Sent. Tr. P.60 L.19-25/P.61 L1-9 —

[13] 4B1.1  (§841(b)(1)(c))

interest of justice and to prevent a fundamental miscarriage of justice.[14] U.S. V. Carthorne, No. 16-6515 (4th Cir. 12/21/2017) (where the Court held that Counsel rendered ineffectiveness by failing to understand the required legal analysis, and by failing to make an obvious objection to the career offender designation); Hinton V. Alabama, 134 S.Ct. 1081, 1089, 188 L.Ed. 2d 1 (2014) (per curiam) (where Counsel's "ignorance of a point of law that is fundamental to a defendant's case, combined with his failure to perform basic research on that point is a quintessential example of unreasonable performance."); see also Williams V. Taylor, 529 U.S. 362, 395, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); see Ramirez, 799 F.3d at 855 ("An attorney's failure to object to an error in the Court's guideline calculation that results in a longer sentence for the defendant can demonstrate constitutionally ineffective performance.")

[14] Congress and the Trump Administration enacted the First Step Act to rectify wrongs. It would be untenable to assume that Congress, when acting to rectify wrongs, meant to direct courts to perpetuate unconstitutional practices.

## II. DUE PROCESS VIOLATION

On August 30, 2019, counsel filed McDonald's Direct Appeal in the Eighth Circuit.[15] McDonald's Sentencing Hearing was held on May 21, 2019.[16] On April 23, 2019, oral arguments were held in the U.S. Supreme Court in Rehaif v. U.S., Case No. 17-9560, 868 F.3d 907 (11th Cir. 2017). On June 21, 2019, the Supreme Court rendered its ruling that in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the government must prove that the defendant 1) knew he possessed a firearm, and 2) that the defendant knew he belonged to the relevant category of persons barred from possessing a firearm. See Rehaif v. U.S., 139 S.Ct. 2191 (2019).

Counsel's ineffectiveness rendered deficient performance and heavily prejudiced McDonald on Direct Appeal because counsel could have raised a Rule 28(j) of the Federal Rule of Appellate Procedure, U.S. v Michael Gary No. 18-4578 (4th Circuit), or argue that the district court erred in accepting his guilty plea under Rule 11 of the Federal Rules of Criminal Procedure, U.S. v. Jawher, No.

15 | Case No. 19-2189 - U.S. v. Clinton McDonald (8/30/2019 8th Circuit)

16 | See Sent. Tr. p.1 Before Honorable M. Douglas Harpool Monday, May 21, 2019 9:58 AM, Springfield, MO

19-1276 (8th Cir. 3/24/2020).

Had Counsel been effective on Direct Appeal, Counsel could have raised the issue that in light of Rehaif, the district Court did not inform McDonald of "the nature of each charge to which" he was pleading under Rule 11(b)(1)(G); ensure that whether or not McDonald's plea was voluntary under Rule 11(b)(2); or determine whether a factual basis for McDonald's plea, under Rule 11(b)(3).

Because Counsel failed to argue or raise this argument at Sentencing, the Eighth Circuit could have reviewed the claim for plain error. McDonald needed to show (1) an error, (2) that is plain; and (3) affected his substantial rights. Had Counsel been effective and raised this issue/ argument on Direct Appeal, McDonald would have met those three (3) prongs and the Eighth Circuit Court would have used its discretion if "the error seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings".

In McDonald's case, Rehaif itself satisfies the first two Prongs of the Plain Error Analysis. Although McDonald's plea colloquy showed overwhelming evidence that he knew

a firearm. However, the Court failed to inform McDonald of every element of the § 922(g) offense prior to the acceptance of his guilty plea. Lockhart, 947 F.3d 187 (4th Cir. 2020); Jawher, No. 19-1276 (8th Cir. 8/24/2020); U.S. v. Blade, 943 F.3d 73, 96 (2d Cir. 2019); U.S. v. Pirani, 406 F.3d 543, 550 (8th Cir. 2005) (where contrary to the law at time of appeal—it is enough that an error be "plain" at the time of appellate consideration.) (McDonald was not informed of the element of the offense as to whether he knew he had the relevant status when he possessed [the firearm]), see U.S. v. Michael Gary, No. 18-4578 (4th Cir.).

Under Due Process of Rule 11 constitutes an invalid plea of guilty. When the Court accepted McDonald's guilty plea after misinforming him of the nature of the offense with which he was charged, the Court has now deprived McDonald of his right to determine the best way to protect his liberty. This error by the Court [was] structural because the deprivation of McDonald's autonomy interest under the Fifth Amendment due process clause has consequences that are necessarily unquantifiable and indeterminate, rendering the impact of the Court's error simply too difficult to measure.

This error is structural on the ground that fundamental unfairness results when a defendant is convicted of a crime based on a constitutionally invalid guilty plea. Had Counsel been effective on Direct Appeal, McDonald would have also met the third prong because the court's error was structural and affected McDonald's substantial rights, seriously affecting the fairness, integrity, or public reputation of judicial proceedings.

Therefore, because Counsel rendered ineffective assistance of counsel with a deficient performance at time of Direct Appeal, after the Supreme Court ruling in Rehaif, resulted in the Court accepting a guilty plea from McDonald who had not been given full notice of all elements of the § 922(g) offense, violating McDonald's Fifth Amendment right of due process because that would surely cast doubt on the integrity of the judicial process. Counsel allowed the Court to accept a constitutionally invalid plea that seriously affects the fairness, integrity, or public reputation of judicial proceedings. See Bousley v. U.S., 523 U.S. 614 (1998). U.S. v. Dominguez Benitez, 542 U.S. 74, 83 (2004). Henderson v. Morgan, 426 U.S. 637, 645-46 (1976).

Based on the foregoing, this Court must

vacate and remand for sentencing or in the alternative, set for an evidentiary hearing based on the merits raised.[17]

## III. Borden v. U.S, No. 19-5410 (6th Circuit)

Based on the recent ruling in the Supreme Court in Borden v. U.S., No. 19-5410 (6th Circuit), McDonald would ask the Court to set an evidentiary hearing as to whether or not the current ruling effects McDonald's case and/or sentencing all in the interest of justice and to prevent a fundamental miscarriage of justice.

---

[17] See 28 U.S.C. § 2255(b); Payne v. U.S., 78 F.3d 343, 347 (8th Cir. 1996)(entitled to an evidentiary hearing if "the facts alleged, if true, would entitle him to relief.")

-17-

## IV. CLOSING

Based on the foregoing, McDonald has clearly illustrated that Counsel of Record rendered ineffective assistance that heavily prejudiced McDonald at sentencing, resulting in a Plea that was involuntary and invalid violating McDonald's Fifth and Sixth Amendment rights.

McDonald respectfully requests that this Court Vacate Judgment / Sentence and Remand for Resentencing or in the alternative set for an Evidentiary Hearing.

RESPECTFULLY SIGNED on this 1st day of July, 2021.

_____
Clinton D. McDonald / Petitioner
In Pro Per / Movant / Affiant

State of Mississippi )
                     ) ss
County of Yazoo City )

## Affidavit / Statement

I, Clinton D. McDonald, hereby certify and declare that the foregoing is true and correct to the best of my knowledge under Penalty of Perjury and pursuant to 28 U.S.C. § 1746.

EXECUTED and SIGNED on this 1st day of July, 2021.

_____
Clinton D. McDonald / Affiant

# **CERTIFICATE OF SERVICE**

I, _Clinton McDonald_ certify that I have served a true and correct copy of the following:

_3 2255 Petition_

This ACTION is deemed filed at the time it was delivered to prison authorities for forwarding, [see **_Houston v. Lack_**, 101 L.Ed.2d 245 (1988)], upon the defendant(s) or plaintiff(s) and/or their attorney(s) of record, by placing said MOTION/PETITION(s) in a sealed, postage pre-paid envelope addressed to:

U.S. District Court
U.S. Courthouse  — _Southern Division_
Clerk of the Court
_Western District of Missouri_

This LEGAL ACTION was deposited in the United States Mail at the FCC-Yazoo City Legal Mail Room, located in Yazoo City, Mississippi. **I declare, under penalty of perjury, that the foregoing is true and correct, pursuant to _28 U.S.C. § 1746_.**

**EXECUTED and SIGNED** on this _1st_ day of _July_ , _2021_.

_Clinton D. McDonald_
Petitioner/IN PRO PER

—18—

BP-A0757
JUN 10

U.S. DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF PRISONS

**INMATE REQUEST FOR CERTIFICATION OR JUDICIAL NOTICE OF**

**PRESENTENCE REPORT AND/OR STATEMENT OF REASONS**

---

TO THE CLERK OF COURT: This form is filed as an ATTACHMENT to my pleading in the following current cause of appeal (indicate current case caption, docket no., judicial district, etc.):

My current cause of action or appeal is (check all that apply) :

☐ A direct appeal of my original criminal conviction of sentence (filed with the U.S. Court of Appeal);

☑ An original petition for writ of habeas corpus pursuant to title 28 USC §2255, or appeal of its denial, regarding my criminal conviction or sentence (filed with sentencing court or U. S. Court of Appeals); or

☐ Other, e.g., §2241 habeas petition; Privacy Act of 1974 (5 USC §552a), etc. (describe):

As part of my current cause of action or appeal, I request the court consider my Presentence Report (PSR) and Judgement (including State of Reasons (SOR)), where necessary, from my **Underlying criminal case**, described as follows (indicate underlying criminal case caption, docket no., judicial district, sentencing judge and date, etc.):

**This form is for informational and notification purposes, and is not intended to create a new procedural requirement for inmates, courts, or clerks.**

Respectfully submitted:

| Inmate Signature | Inmate Printed Name |
|---|---|
| | Clinton D McDonald |

| Reg. No. | Date Signed | Institution Address P.O. Box 5000 |
|---|---|---|
| 21065045 | 7/1/2021 | FCC- Yazoo City Medium Yazoo City, MS 39194 |

---

**DIRECTION TO INMATE:** The bureau of prisons prohibits inmate from possessing copies of their Presentence Reports (PSR) or Statement of Reasons (SOR) from criminal judgements. This form is for you to **ATTACH** to any court action where, as part of your case of action or appeal, you request the court to consider your PSR or SOR. Complete this form as indicted, and submit it as an **ATTACHMENT** to your pleading to the court considering your current cause of action or appeal. This form is not a pleading, but an **ATTACHMENT** requesting the court obtain and consider your PSR and/or SOR when needed. You only need this form when your cause of action involves the PSR or SOR. Be sure to indicate in your pleading the specific part(s) of the PSR or SOR your believe relevant to our case.

-19-

PDF

C. Linton McDonald
#21065-045 · P.O. Box 5000
Federal Correctional Complex
Yazoo City, MS. Yazoo City, MS 39194

U.S. District Court
Clerk of the Court
Western District of MO
U.S. Courthouse
222 N. John Q. Hammons
Springfield, MO 65806

SCREENED BY
U.S. MARSHALS

Pcs Pro Se

