**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | |
|---|---|
| **CLINTON D. McDONALD,** Movant, v. **UNITED STATES OF AMERICA,** Respondent. | Civil No. 21-03261-CV-S-MDH-P Crim. No. 18-03084-01-CR-S-MDH |

**GOVERNMENT'S SUGGESTIONS IN OPPOSITION
TO MOVANT'S MOTION UNDER 28 U.S.C. § 2255**

The respondent, the United States of America, respectfully requests that this Court deny Clinton D. McDonald's 28 U.S.C. § 2255 motion seeking to vacate his convictions and sentences. The Government provides the following suggestions in opposition to the motion:

### I. Summary

McDonald pleaded guilty to distributing a controlled substance, possession with intent to distribute a controlled substance, and being a felon in possession of a firearm. This was McDonald's second federal conviction in the Western District of Missouri for being a felon in possession of a firearm. On May 28, 2019, this Court sentenced McDonald to 178 months' imprisonment on each of the drug charges and 120 months' imprisonment on the firearm charge, to be served concurrently. McDonald appealed the reasonableness of the sentence and the Eighth Circuit affirmed.

McDonald has now filed a motion raising claims of ineffective assistance of counsel and a claim based on *Rehaif* v. *United States*, 588 U.S. —, 139 S.Ct. 2191 (2019). McDonald requests that this Court vacate his sentences, vacate his firearm conviction, and conduct a new sentencing hearing.

McDonald's claims are insufficient to command relief. As to the ineffective assistance of counsel claims, McDonald has failed to prove deficient performance and prejudice, as required by *Strickland v. Washington*, 466 U.S. 668 (1984). The *Rehaif* claim is insufficient under the standard laid down by the Supreme Court for plain error review on direct appeal. Thus, even if McDonald could excuse the procedural default, for failing to properly preserve his claim regarding the elements of the offense, the claim would be insufficient under the law.

Because the claims fail as a matter of law, this Court should deny McDonald's motion without holding an evidentiary hearing. Because the claims are not debatable among jurists of reason, this Court should deny a certificate of appealability.

## II. **Factual and Procedural History**

In 2016, officers with the Springfield, Missouri Police Department were investigating the sale of heroin in the Springfield area.[1] On March 23, 2016, an undercover officer purchased 1.48 grams of a substance containing codeine and morphine from McDonald. On July 10, 2018, McDonald was stopped by police for a traffic violation. The officer smelled burnt marijuana inside the vehicle. The officer searched the vehicle and

---

[1]The factual history is summarized from the undisputed facts in the presentence investigation report (PSR) without further citation.

recovered 11.87 grams of heroin and $769 in United States currency. On August 8, 2018, officers again attempted a traffic stop of McDonald and he fled. During the subsequent pursuit, a rifle and handgun were thrown from the vehicle. McDonald was arrested and officers recovered multiple firearms.

On November 8, 2018, a superseding indictment was returned in the Western District of Missouri charging McDonald with: distribution of a controlled substance containing a detectable amount of morphine and codeine on March 23, 2016, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count One); possession with intent to distribute heroin on July 10, 2018, in violation of § 841(a)(1) and (b)(1)(C) (Count Two); and felon in possession of a firearm on August 8, 2018, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count Three). (Crim. D.E. 21.)[2]

On January 23, 2019, McDonald pleaded guilty to the three counts of the indictment. (Crim. D.E. 26.) As part of his guilty plea, McDonald stipulated to a written factual basis describing the offense conduct. (Crim. D.E. 27.) During the change-of-plea hearing, McDonald stated that he had read and agreed with the stipulated facts. (Plea Tr. 14-15.)

On April 5, 2019, a revised presentence investigation report (PSR) was issued. The PSR contained a recitation of the offense conduct. (PSR ¶¶ 3-15.) The PSR utilized a base offense level of 22 under U.S.S.G. § 2K2.1(a)(3) because McDonald had a prior conviction for a controlled substance offense. (PSR ¶ 21.) The PSR applied a two-level enhancement under § 2K2.1(b)(1)(A) based on the number of firearms; a two-level enhancement under

---

[2]"Crim. D.E." refers to the docket entry number in the criminal case, *United States v. McDonald*, No. 18-03084-01-CR-S-MDH.

§ 2K2.1(b)(4)(A) because one of the firearms was stolen; a four-level enhancement under § 2K2.1(b)(6)(B) for possessing the firearm in connection with another felony offense; a two-level enhancement under § 3C1.2 for fleeing from police and creating a substantial risk of death or serious bodily injury; and a three-level reduction under § 3E1.1(a) and (b) for acceptance of responsibility; yielding a total offense level of 29. (PSR ¶¶ 22-32.) The PSR calculated a total criminal history score of 25, yielding a criminal history category of VI. (PSR ¶¶ 35-15.) This resulted in an advisory Sentencing Guidelines range of 151 to 188 months' imprisonment. (PSR ¶ 99.)

Defense counsel filed several objections to the enhancements based on the use of relevant conduct, specifically regarding possession of the other firearms McDonald had not previously admitted to possessing, and objected to the enhancements for obstruction of justice by fleeing and possessing the firearm in connection with another felony offense, and the United States Probation Office and the Government responded. (PSR Adden. April 5, 2019.)

On May 21, 2019, McDonald appeared for sentencing. (Crim. D.E. 34.) McDonald admitted he had read the PSR and discussed it with counsel. (Sent. Tr. 4.) McDonald agreed with the statutory range of punishment and the criminal history calculation. (Sent. Tr. 4-6.) This Court then took up the objections to the PSR. McDonald listed the objections, specifically addressing the relevant conduct regarding the firearms he had not admitted to possessing and citing a case from the Eighth Circuit. (Sent. Tr. 6-20.) The Government presented evidence regarding the events of August 8, 2018. (Sent. Tr. 21-42.) The parties argued their positions regarding the objections. (Sent. Tr. 42-51.) This Court denied

McDonald's objections. (Sent. Tr. 51-54.) Defense counsel discussed the statutory sentencing factors under 18 U.S.C. § 3553(a), requesting a sentence of 84 to 96 months. (Sent. Tr. 54-64.) McDonald declined to address this Court. (Sent. Tr. 65.) This Court discussed the statutory factors, including McDonald's extensive history of incarceration and the type of weapons possessed. (Sent. Tr. 65-73.) This Court then sentenced him to 176 months' imprisonment on Counts One and Two and 120 months' imprisonment on Count Three, all to be served concurrently. (Sent. Tr. 73; Crim. D.E. 38.)

McDonald appealed the reasonableness of the sentence, contending that it was longer than necessary to accomplish the sentencing goals under 18 U.S.C. § 3553(a), and the Eighth Circuit affirmed. *United States v. McDonald*, 814 Fed.Appx. 166, 167 (8th Cir. 2020).

McDonald is currently incarcerated at the federal correctional institution in Yazoo City, Mississippi, with a projected release date of February 3, 2031.

### III. <u>Argument and Authorities</u>

McDonald has now filed a motion seeking to vacate his convictions and sentences, raising ineffective assistance of counsel and a claim based on *Rehaif*.[3] McDonald requests that this Court vacate his sentences and remand for resentencing.

A. *<u>Legal Standard</u>*

"In a § 2255 proceeding, the burden of proof with regard to each ground for relief rests upon the petitioner." *Kress v. United States*, 411 F.2d 16, 20 (8th Cir. 1969). "The

---

[3]The Government does not dispute that the motion, though without merit under the law, is timely under 28 U.S.C. § 2255(f)(1).

subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

Claims alleging ineffective assistance of counsel are governed by the standard set forth in *Strickland*: "To obtain relief on a claim of ineffective assistance of counsel, a prisoner must show that counsel's performance was deficient, and that the deficient performance prejudiced the defense." *Haney v. United States*, 962 F.3d 370, 373 (8th Cir. 2020) (citing Strickland, 466 U.S. at 687).

As to the "deficiency" prong, a defendant must show that "counsel's performance was so deficient as to fall below an objective standard of the customary skill and diligence displayed by a reasonably competent attorney." *United States v. Ngombwa*, 893 F.3d 546, 552 (8th Cir. 2018) (quoting *Long v. United States*, 875 F.3d 411, 413 (8th Cir. 2017) (internal quotation marks omitted)). "[C]ounsel's failure to advance a meritless argument cannot constitute ineffective assistance." *Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994).

Counsel's "strategic decisions made after a thorough investigation of law and facts . . . are virtually unchallengeable." *Strickland*, 466 U.S. at 690. Whether a court agrees with a defense counsel's strategy or analysis in hindsight is not the test to be followed. *Rodela-Aguilar v. United States*, 596 F.3d 457, 464 (8th Cir. 2010) (citing *Wing v. Sargent*, 940 F.2d 1189, 1191-92 (8th Cir. 1991)).

As to the "prejudice" prong, a defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

different." *O'Neil v. United States*, 966 F.3d 764, 771 (8th Cir. 2020) (internal quotation marks omitted). "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 694). "That requires a 'substantial,' not just 'conceivable,' likelihood of a different result." *Pinholster*, *id*. (quoting *Harrington v. Richter*, 562 U.S. 86, 112 (2011)).

B. *<u>McDonald's Ineffectiveness Claims Are Legally Insufficient</u>*

In the first claim, McDonald contends that his counsel was ineffective during sentencing.

McDonald contends that counsel erred by permitting this Court to find the Sentencing Guidelines enhancement by a preponderance of the evidence at sentencing. McDonald argues that the Sentencing Guidelines enhancements were required to be found by a jury beyond a reasonable doubt, citing *Alleyne v. United States*, 570 U.S. 99, 112-17 (2013) (holding that any fact which increases the statutory minimum sentence must be submitted to a jury). McDonald's legal argument is erroneous. In an advisory Sentencing Guidelines regime, enhancements may be found by a preponderance of the evidence. *United States v. Spencer*, 998 F.3d 813, 820 (8th Cir. 2021); *United States v. Phillips*, 506 F.3d 685, 688 (8th Cir. 2007) ("Because the sentencing guidelines are advisory under *Booker*, enhancements to the advisory guidelines may be based upon facts found by the sentencing court by a preponderance of the evidence").

McDonald also contends that defense counsel was ineffective for failing to object to his career offender enhancement. McDonald was not found to be a career offender under

the Sentencing Guidelines. Counsel was not ineffective for failing to object to a Sentencing Guidelines provision that was not applied.

McDonald also argues that counsel should have further objected that, under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), his prior drug conviction was not a "serious drug offense." Section 404 of the First Step Act narrowed the types of prior convictions that may trigger the enhanced statutory penalties under 21 U.S.C. § 841(b). First Step Act § 404, 132 Stat. at 5222. The Act did not alter the definition of "controlled substance offense" under U.S.S.G. § 4B1.2(b). Counsel was not ineffective for failing to raise an issue that did not apply in McDonald's case.

Because McDonald's claims of ineffectiveness are contrary to the applicable law, the claims should be denied. McDonald has not demonstrated prejudice. Officers recovered four firearms following the events of August 8, 2018, one of which was an assault rifle capable of holding an extended magazine. McDonald had an extensive criminal history, fueled by addiction to drugs. This Court carefully weighed the § 3553(a) factors when imposing the sentence. McDonald has failed to demonstrate that this Court would have imposed any lesser sentence but for counsel's purported failures at sentencing.

C.  *McDonald's* **Rehaif** *Claim Is Procedurally Defaulted*

McDonald contends that the *Rehaif* decision renders his guilty plea involuntary and that his conviction and sentence on Count Three should be vacated.

*Rehaif* held that a violation of 18 U.S.C. § 922(g), which restricts certain groups of individuals for possession a firearm, requires that the charged individual knew that he "belonged to the relevant category of persons barred from possessing a firearm."

*Rehaif*, 139 S.Ct. at 2200. In simple terms, the Government is required to prove that a defendant like McDonald knew he was a felon, that he had been convicted of a crime punishable by more than a year in prison, when he possessed the firearm.

McDonald failed to preserve his *Rehaif* claim by raising it in the district court and through direct appeal. It is well settled that "[h]abeas review is an extraordinary remedy and will not be allowed to do service for an appeal." *Bousley v. United States*, 523 U.S. 614, 621 (1998) (internal citation omitted); *see also United States v. Frady*, 456 U.S. 152, 165 (1982) ("a collateral challenge may not do service for an appeal"). To properly raise a procedurally defaulted claim, a movant most show both "cause" for failure to raise the issue during direct appeal, and "actual prejudice" resulting from the error or must be proceeding under the actual innocence exception. *See Bousley*, 523 U.S. at 622; *Frady*, 456 U.S. at 167-68. As to "actual prejudice," a movant must show that the error "worked to [his or her] actual and substantial disadvantage." *Frady*, 456 U.S. at 170. This is a demanding standard; it requires a defendant to carry a burden "significantly higher" than he would be required to satisfy on direct review under the plain-error standard. *Frady*, 456 at 167.

To meet the plain error standard on direct appeal, McDonald would be required to present evidence, that he would have presented at trial, demonstrating he did not know he was a felon, which establishes "a 'reasonable probability' that the outcome of the district court proceeding would have been different." *See Greer v. United States*, 593 U.S. —, 141 S.Ct. 2090, 2100 (June 14, 2021). McDonald has not provided any such evidence. Because McDonald cannot meet the plain error standard, he certainly cannot meet the greater "actual prejudice" standard to prosecute this claim under § 2255.

Further, the record demonstrates that McDonald was aware, at the time he possessed the firearm, that he was felon—that he "belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 139 S.Ct. at 2200. McDonald had prior convictions in the State of Missouri and the State of Illinois, for which he was sentenced and served more than one year imprisonment. (PSR ¶¶ 40, 42, 46, 51, 53.) McDonald also was aware he was a felon because he had previously pleaded guilty and served 30 months' imprisonment in federal prison for being a felon in possession of a firearm. (PSR § 49.) Any assertion by McDonald that he was unaware of his status as a felon, given his prior firearm conviction in this district and past incarceration, is patently incredible.

This Court should deny McDonald's claim and dismiss this proceeding.

D. <u>**An Evidentiary Hearing Is Not Required To Resolve the Claims, and this Court Should Deny A Certificate of Appealability**</u>

"A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and records of the case conclusively show that he is entitled to no relief." *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) (internal quotation marks omitted). "No hearing is required, however, 'where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" *Id*. (quoting *Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007)); *see also Allen v. United States*, 854 F.3d 428, 433 (8th Cir. 2017) (a § 2255 motion can be dismissed without a hearing if (1) a movant's allegations, accepted as true, would not entitle him to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record,

inherently incredible, or conclusions rather than statements of fact) (internal citation omitted).

As the preceding discussion makes clear, McDonald's claims of ineffective assistance of counsel are legally erroneous and fail as a matter of law. McDonald procedurally defaulted his claim under *Rehaif*. Even if he had properly preserved the claim, McDonald has failed to provide any evidence that meets the standard in *Greer*. Because McDonald's claims fail as a matter of law based on the existing record, this Court should deny his § 2255 motion without holding an evidentiary hearing.

A movant can appeal the denial of a § 2255 motion to the court of appeals only if this Court issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). To receive a certificate of appealability, a movant must demonstrate a substantial showing of the denial of a constitutional right or raise an issue that is debatable among jurists of reason or deserving of further proceedings. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because McDonald's claims fail as a matter of law and the merits of the claims are not debatable among reasonable jurists or deserving of further consideration, this Court should also deny a certificate of appealability.

## IV. Conclusion

Accordingly, for the reasons previously outlined, the Government respectfully requests that this Court deny Clinton McDonald's motion seeking to vacate his convictions and sentences.

    Respectfully submitted,

    TERESA A. MOORE
    United States Attorney

By    */s/ Josephine L. Stockard*

    JOSEPHINE L. STOCKARD
    Assistant United States Attorney

    The Hammons Tower
    901 St. Louis Street, Suite 500
    Springfield, Missouri 65806
    Telephone: (417) 831-4406

    *Attorneys for Respondent*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on January 18, 2022, to the CM-ECF system of the U.S. District Court for the Western District of Missouri for electronic delivery to all counsel of record, and mailed to:

>   Clinton D. McDonald, *Pro Se*
>   Reg. No. 21065-045
>   FCI Yazoo City Medium
>   P.O. Box 5000
>   Yazoo City, Mississippi  39194

>   */s/ Josephine L. Stockard*
>   Josephine L. Stockard
>   Assistant United States Attorney